IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 5:24-cr-00002-DCB-LGI-1

JAMES BERNARD HARRIS

<u>MEMORDANDUM OPINION AND ORDER</u>

BEFORE THE COURT is James Bernard Harris ("Defendant")'s Motion to Dismiss the Indictment, [ECF No. 16] (the "Motion"), in which Defendant contends, among other things, that 18 U.S.C. § 922(o)[1] is (1) unconstitutional under the Second Amendment[2] and (2) that it is an unconstitutional extension of Congress's authority under the Commerce Clause. Defendant advances multiple theories in his constitutional challenge to these statutes, one of which he concedes is foreclosed by Fifth Circuit precedent. Having studied

---

[1] Section 922(o) provides:

(o)(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.
(2) This subsection does not apply with respect to—
(A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or
(B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

[18 U.S.C.A. § 922(o)].

[2] The Second Amendment to the United States Constitution provides: A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

[U.S. Const. amend. II.].

the Motion, the parties' submissions, and relevant legal authority, the Court finds that the Motion is denied.

I. Background

On June 11, 2024, the grand jury returned an indictment that charged Defendant with one count of possession of a machinegun in violation of Title 18 U.S.C., § 922(o). [ECF No. 1-2] (sealed). Later that day, an arrest warrant was issued by this Court on Defendant. [ECF No. 4] (sealed). Defendant was subsequently brought into the custody of the U.S. Marshals Service and was ordered on October 20, 2025 to remain in their custody pending trial. [ECF No. 14].

On October 22, 2025 Defendant Harris filed a Motion to Dismiss the Indictment [ECF No. 1], charging him with possession of a machinegun. [ECF No. 16]. The Motion outlines two main reasons why the Court should grant relief: "First, § 922(o) violates the Second Amendment to the United States Constitution on its face and as applied to Mr. Harris" and "Second, § 922(o) is an unconstitutional extension of Congress's authority under the Commerce Clause". Id. at 1. In support of his Motion, Defendant points to the two-part analytical framework in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022) where the Supreme Court addressed how to evaluate the "constitutionality of a statute implicating [the rights afforded by the Second Amendment]". Id. at 2. Specifically,

Defendant argues that the "Second Amendment's plain text covers Mr. Harris's conduct" and that the Government "cannot meet its burden to show that § 922(o) is consistent with the Nation's historical tradition of firearm regulations." Id. at 2-4. Additionally, Defendant argues that the Fifth Circuit's opinion in Hollis v. Lynch, 827 F.3d 436, 446-47 (5th Cir. 2016) (pre-Bruen) does not foreclose Defendant's argument because Hollis does not withstand Bruen's "sea change in Second Amendment jurisprudence." Id. at 6. Lastly, Defendant challenges the constitutionality of § 922(o) under the Commerce Clause but acknowledges that this argument is foreclosed by Fifth Circuit precedent. Id. at 8. He raises the issue solely to preserve it for potential appellate review. Id.

The Government's response in opposition was filed on November 3, 2025. [ECF No. 17]. In its response, the Government argues that Hollis's step-one analysis remains a correct application of the law and should result in a denial of Defendant's motion. Id. at 2. The Government maintains that even if this Court were to reach the second prong of the Bruen test, Defendant's Motion "still fails" because "no protection extends to firearms that are both dangerous and unusual" Id. at 3-4. (internal quotations omitted). The Government continues its analysis by citing pre-founding, founding-era, and post-founding analogues to support its position that the history of the United States confirms the

3

constitutionality of § 922(o). Id. at 6-13. Finally, the Government argues that Defendant's Commerce Clause argument is foreclosed by precedent from the Fifth Circuit. Id. at 8.

Defendant's reply was filed on November 10, 2025. [ECF No. 18]. Throughout the reply, Defendant reiterates his argument that the Court is not bound by Hollis and argues that the "Government has not met its burden to show that § 922(o) is consistent with the Nation's historical tradition of firearm regulation." Id. at 2-9.

II.  Legal Standard

Federal Rule of Criminal Procedure 12(b)(1) permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." In the Fifth Circuit, "[t]he propriety of a motion to dismiss an indictment ... by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citation omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id. A court may rule on a pretrial motion to dismiss an indictment where, as here, the motion presents a legal question that involves undisputed facts. United States v. Flores, 404 F.3d 320, 325 (5th Cir. 2005), abrogated on unrelated grounds by Abramski v. United States, 573 U.S. 169 (2014). Defendant's

4

Second Amendment constitutional challenge to 18 U.S.C. § 922(o) raises matters of law that can properly be decided before trial.

III. Discussion

The uncontested facts that the Court must consider in applying the law to Defendant are that on June 11, 2024, the grand jury returned an indictment that charges Defendant with one count of possession of a machinegun in violation of 18 U.S.C., § 922(o)). [ECF No. 1-2].

A. Commerce Clause Challenge

In Defendant's Motion, he acknowledges that Fifth Circuit precedent forecloses the argument that § 922(o) unlawfully extends Congress's authority under the Commerce Clause. [ECF No. 16] at 8. As explained above, Defendant maintains that he continues to preserve these arguments for appellate review. Id.; see also Motion, [ECF No. 18] n.1. The Fifth Circuit has confirmed, on multiple occasions, that such challenge is foreclosed by binding precedent. E.g., United States v. Knutson, 113 F.3d 27 (5th Cir. 1997) (per curiam) (holding that Congress's enactment of 18 U.S.C. § 922(o) does not exceed the limit of its power under the Commerce Clause)[3]; Bezet v. United States, 714 Fed. Appx. 336, 342 (5th Cir.

---

[3] In Knutson, the per curiam panel cited decisions from other circuits that treat § 922(o) as a rational exercise of Congress's power under the Commerce Clause. The panel cited to: United States v. Rybar, 103 F.3d 273 (3d Cir. 1996); United States v. Kenney, 91 F.3d 884 (7th Cir. 1996);

5

2017) (noting that "[t]he vast majority of machinegun possessions involve the channels or instrumentalities of interstate commerce, and the remainder have a substantial effect on interstate commerce."). Based on binding Fifth Circuit precedent, the Court finds that Defendant's Commerce Clause challenge set forth in his Motion is foreclosed and must be denied.

A. Constitutionality of § 922(o)

For purposes of clarity, the Court will first address the relevant legal authority governing Defendant's Second Amendment challenges to § 922(o) and will then proceed to apply that authority to the specific facts of this case.

 a. D.C. v. Heller, 554 U.S. 570 (2008).

In 2008, the Supreme Court held in Heller that the Second Amendment protects an individual right to keep and bear arms unconnected to militia service. Id. at 601. The Court struck down the District of Columbia's handgun ban and requirement that lawful firearms be kept inoperable in the home. Id. at 628. Importantly, Justice Scalia emphasized that, although the right protected by the Second Amendment is not dependent on militia service, it is

---

United States v. Beuckelaere, 91 F.3d 781 (6th Cir. 1996); United States v. Wilks, 58 F.3d 1518 (10th Cir. 1995).

not unlimited, and individuals may be "disqualified from the exercise of Second Amendment rights." Id. at 635.

      b. Hollis v. Lynch, 827 F.3d 436 (5th Cir. 2016).

In 2016 the Fifth Circuit addressed whether an individual has a Second Amendment right to possess a machinegun. The pre-Bruen two-step inquiry employed by Hollis was:

> First, we "determine whether the challenged law impinges upon a right protected by the Second Amendment… ." [National Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives, 700 F.3d 185, 194 (5th Cir. 2012)]. If it does not, the "law passes constitutional muster," but if it does, we proceed to "the second step[, which] is to determine whether to apply intermediate or strict scrutiny to the law, and then to determine whether the law survives the proper level of scrutiny." Id. at 194-95.

Hollis, 827 F.3d at 446-47. Heavily relying on Heller, the court held that machineguns are not protected because they are "dangerous and unusual" weapons, which outside of the scope of the Second Amendment. Id. at 451. The Fifth Circuit emphasized Heller's historical language indicating that the Amendment protects arms "in common use" for lawful purposes and held that fully automatic weapons (which were already tightly regulated since 1934) do not fall within that category. Id. at 446. The appellate court reached

7

its decision under the first step of the Fifth Circuit's pre-<u>Bruen</u> framework for analyzing Second Amendment challenges without needing to proceed to the means-end inquiry contained in step-two of the analysis.  <u>Id.</u> at 447. ("we uphold Section 922(o) at step one of our framework").

    c. <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen,</u> 597 U.S. 1 (2022).

In 2022, the Supreme Court fundamentally changed the method of Second Amendment review. In <u>Bruen</u>, the Supreme Court rejected the lower courts' prior two-step, means-end scrutiny approach and instead directed that courts should begin their analysis by first determining whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. <u>Bruen</u>, 597 U.S. at 17. If the regulation governs such conduct, the court will uphold it only if the government can "identify an American tradition justifying" the regulation.  <u>Id.</u> at 38-39.  For the government to make this showing, it need not point to a "historical twin," but only "a well-established and representative historical analogue".  <u>Id.</u> at 30.

<u>Bruen</u> did not overrule <u>Heller</u>; instead, it reaffirmed <u>Heller</u>'s historical focus and declared that the Second Amendment protects weapons "in common use", echoing the very language that was used in <u>Hollis</u>. <u>Id.</u> at 72.

    d. <u>United States v. Diaz</u>, 116 F.4th 458 (5th Cir. 2024).

8

In 2024, the Fifth Circuit applied Bruen's historical-tradition framework to evaluate a federal firearm restriction. The Fifth Circuit emphasized that post-Bruen, courts must discard the former tiered-scrutiny tests and instead conduct a strict historical inquiry. Diaz, 116 F.4th at 471. In assessing the statute at issue, the court reviewed founding-era traditions and compared them to the modern regulation. Id. at 470-472. The Diaz court acknowledged that some prior decisions (like Hollis) used the now-rejected two-step approach but suggested that the earlier holdings remain valid only to the extent that they are consistent with the historical tradition identified in Bruen. Id.

As-applied Challenge

The Court notes that Defendant raises both as-applied and facial challenges to § 922(o). An as-applied challenge examines whether a statute, though constitutional in general, is unconstitutional as applied to a particular defendant's conduct. See United States v. Morgan, 147 F.4th 522, 526 (5th Cir. 2025), reh'g en banc denied, No. 24-30561 (5th Cir. Oct. 20, 2025) (alteration in original) (quoting Spence v. Washington, 418 U.S. 405, 414 (1974) (per curiam)); Bosarge v. Edney, 669 F. Supp. 3d 598, 612 (S.D. Miss. 2023). In contrast, a facial challenge asserts that the law is unconstitutional in all its applications. Id. (quoting Wash. State Grange v. Wash. State Republican Party, 552

9

U.S. 442, 449 (2008)). The Court will address the as-applied challenge first, as it is the "narrower consideration." Diaz, 116 F.4th at 467 (quoting Buchanan v. Alexander, 919 F.3d 847, 852 (5th Cir. 2019)).[4]

Defendant contends that 18 U.S.C. § 922(o) is unconstitutional as applied to him because, in his view, the plain text of the Second Amendment covers his conduct and the Government cannot establish that § 922(o) is consistent with the Nation's historical tradition of firearm regulation. [ECF No. 16] at 3. Defendant also urges the Court to reject the binding Fifth Circuit precedent of Hollis and instead adopt the reasoning of United States v. Brown, 764 F. Supp. 3d 456 (S.D. Miss. 2025), currently on appeal, arguing that Diaz abrogated Hollis. The Court addresses these arguments in turn.

Under Bruen, courts must first determine whether "the Second Amendment's plain text covers an individual's conduct." Bruen, 597 U.S. at 24. If the answer is no, the inquiry ends. The Fifth Circuit, in Hollis, held that the plain text of the Second Amendment does not extend to the possession of machineguns. Hollis,

---

[4] The Court observes that, although Defendant asserts both facial and as-applied challenges, the arguments underlying his as-applied challenge are identical to those advanced in support of his facial challenge. Because § 922(o) constitutes a categorical prohibition on the possession of machine guns after 1986, there is no individualized circumstance that would render the statute more or less constitutional as applied to this Defendant. Accordingly, the analysis applicable to both challenges is substantially the same, though the Court addresses each under separate subheadings for purpose of thoroughness.

827 F.3d at 451. This Court is bound to follow that precedent unless and until the Fifth Circuit holds otherwise. Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp., 673 F.3d 399, 405 (5th Cir. 2012); United States v. Zuniga-Salinas, 945 F.2d 1302, 1306 (5th Cir. 1991).

Defendant asserts that Hollis was abrogated by Diaz. [ECF No. 16] at 7. This argument has arisen following the Supreme Court's decision in Bruen, which established the new two-step analysis for Second Amendment challenges. Bruen, 597 U.S. at 17. The Court, however, finds that Diaz did not fully abrogate Hollis. Diaz held only that courts are no longer bound by Second Amendment decisions decided under the means-end scrutiny that Bruen rejected. Diaz, 116 F.4th at 464. While Bruen renounced means-end scrutiny, it reaffirmed Heller's "common use" and "dangerous and unusual" principles. Bruen, 597 U.S. at 19. ("[s]tep one of that framework is "broadly consistent with Heller".) Because Hollis relied heavily on Heller, its conclusion that machineguns fall outside the Second Amendment's protection is grounded in Heller's historically based rule, which Bruen did not disturb. Hollis did not apply means-end scrutiny; rather, it "properly considered text, history, tradition, and precedent to observe the historical principles that govern this dispute." [ECF No. 17] at 2; Hollis, 827 F. 3d at 443-447.

11

In Hollis, the Fifth Circuit concluded that the Second Amendment's plain text does not protect an individual's right to possess a machinegun because such weapons are "dangerous and unusual." See also United States v. Jackson, No. 4:23-CR-62, 2024 WL 1160304, at *11–12 (N.D. Miss. Mar. 18, 2024) ("Because the Fifth Circuit [in Hollis] found that the plaintiff's challenge to § 922(o) ended at the first step of the inquiry, which remains the same under Bruen, the result of the constitutional analysis yields the same result today. Section 922(o) does not run afoul of the Second Amendment."). The Fifth Circuit reasoned that although the Second Amendment extends *prima facie* to all instruments that constitute bearable arms, that protection does not extend to weapons that are not in common use for lawful purposes like self-defense. Hollis, 827 F.3d at 444. Additionally, the Fifth Circuit has repeatedly classified machineguns as destructive devices that are "inherently dangerous" and "weapons of war [that] have no appropriate sporting use or use for personal protection". United States v. Jennings, 195 F.3d 795, 799 n.4 (5th Cir. 1999) (quoting S. REP. No. 90-1501, at 28 (1968)); see also United States v. Golding, 332 F.3d 838, 840 (5th Cir. 2003); H.R. Rep. No. 99-495, at 4 (1986) (noting that machineguns are "used by racketeers and drug traffickers for intimidation, murder and protection of drugs and the proceeds of crime"); H.R. Rep. No. 90-1956, at 34 (1968)

(Conf. Rep.), as reprinted in 1968 U.S.C.C.A.N. 4426, 4434 (describing machineguns as "gangster-type weapons").

The Fifth Circuit's decision in Hollis is also consistent with the Third, Sixth, Eighth, and Ninth Circuit's decisions on whether machineguns warrant Second Amendment protection.[5] See United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, 822 F.3d 136, 142 (3d Cir. 2016) (noting that machineguns "are not in common use for lawful purposes" and that they are "exceedingly dangerous weapons".); Hamblen v. United States, 591 F.3d 471, 474 (6th Cir. 2009) (holding that "whatever the individual right to keep and bear arms might entail, it does not authorize an unlicensed individual to possess unregistered machineguns for personal use."); United States v. Fincher, 538 F.3d 868, 874 (8th Cir. 2008) ("Machineguns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."); United States v. Henry, 688 F.3d 637, 640 (9th Cir. 2012) ("Thus, we hold that the Second Amendment does not apply to machineguns."). This strong conviction against machineguns being afforded Second Amendment protection continues

---

[5] Although these cases predate Bruen, they demonstrate that federal circuits across the ideological spectrum have uniformly held that machine guns fall outside the protection of the Second Amendment. This consistent appellate authority, grounded in Heller's "dangerous and unusual" limitation, remains compatible with both Bruen and the Fifth Circuit's decision in Hollis. Accordingly, these precedents support the conclusion that § 922(o) regulates conduct not covered by the Second Amendment.

throughout district courts post-Bruen as well. See United States v. Hicks, No. 23-65, 2024 U.S. Dist. LEXIS 76830 (W.D. La. Apr. 25, 2024).[6]

This approach is consistent with the principle that the right to bear arms, while fundamental, is not unlimited. See Heller, 554 U.S. 570, 626 (2008). (It is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."). Because the Second Amendment codified a pre-existing right, pre-existing limits on that right are inherent. United States v. Rahimi, 602 U.S. 680, 737 (2024) (Barrett, J., concurring). The Defendant's emphasis on the fact that he was accused solely of possessing a machine gun, as opposed to "brandishing" it or "carrying it in a manner to terrorize others," is immaterial to the constitutional analysis. [ECF No. 16] at 5. Regardless of the manner of possession, § 922(o) prohibits the

---

[6] Additional district court decisions examining the constitutionality of machine gun possession by individuals are summarized in United States v. Lane, 689 F. Supp. 3d 232, 252 (E.D. Va. 2023): See, e.g., Simien, ___ F. Supp. 3d. ___, 2023 U.S. Dist. LEXIS 23629, 2023 WL 1980487, at *9 ("[M]achineguns are within the category of 'dangerous and unusual' weapons that do not receive Second Amendment protection."); United States v. Kittson, 2023 U.S. Dist. LEXIS 136688, 2023 WL 5015812, at *3 (D. Or. Aug. 7, 2023) ("[M]achineguns are dangerous and unusual weapons not protected by the plain text of the Second Amendment."); Cox v. United States, 2023 U.S. Dist. LEXIS 112596, 2023 WL 4203261, at *7 (D. Alaska June 27, 2023) ("Machineguns are not protected 'arms' under the Second Amendment because they are both 'dangerous and unusual' . . . ."); United States v. Dixon, 2023 U.S. Dist. LEXIS 52708, 2023 WL 2664076, at *3 (N.D. Ill. Mar. 28, 2023); United States v. Kazmende, 2023 U.S. Dist. LEXIS 100040, 2023 WL 3872209, at *2 (N.D. Ga. May 17, 2023) ("[M]achineguns are dangerous and unusual weapons that are outside the protection of the Second Amendment . . . ."), report and recommendation adopted, 2023 U.S. Dist. LEXIS 98820, 2023 WL 3867792 (N.D. Ga. June 7, 2023).

Defendant from possessing a machine gun. The Court therefore concludes that the plain text of the Second Amendment does not encompass the Defendant's right to possess a machine gun, and § 922(o) does not violate the Second Amendment.

B. Facial Challenge

"To sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" Diaz, 116 F.4th at 471-72 (quoting United States v. Salerno, 481 U.S. 739, 745 (1987). When the alleged constitutional defect does not depend on the specific facts of a particular case, an as-applied challenge will rise or fall together with a facial challenge. As mentioned above, § 922(o) imposes a categorical prohibition on the possession of machineguns, thus the Defendant's as-applied challenge is not meaningfully distinct from a facial challenge in this context. Accordingly, Defendant's facial challenge fails because the Court has found § 922(o) to be constitutional as applied to the facts of Defendant's his own case. United States v. Rahimi, 602 U.S. 680, 693 (2024).

IV. CONCLUSION

The Court has considered all arguments that Defendant presented in his Motion. Any argument that is not specifically addressed in this Opinion would not affect the Court's decision.

15

Defendant's Motion to Dismiss the Indictment, [ECF No. 16], is DENIED.

SO ORDERED this the 8th day of December 2025.

                                                /s/ David C. Bramlette
                                                UNITED STATES DISTRICT JUDGE